UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                    :          Chapter 11
                                                          :
NORTHERN BOULEVARD AUTOMALL, LLC,    :          Case No. 19-41348 (NHL)
d/b/a Long Island City Volkswagen,                :
                                                          :
                        Debtor.                      :
---------------------------------------------------------------x
NORTHERN BOULEVARD AUTOMALL, LLC,    :          Adv. Pro. No. 19-1045-nhl
d/b/a Long Island City Volkswagen,                :
                                                          :
                        Plaintiff,                   :
                                                          :
          -against-                                 :
                                                          :
NORTHERN BROADWAY AUTO LLC;            :
NICKOLAOS LETSIOS; VALLEY AUTO SHOW :
LLC; and RESPECT AUTO QUEENS I LLC,    :
                                                          :
                        Defendants.                 :
---------------------------------------------------------------x

**ANSWER OF NICKOLAOS LETSIOS TO AMENDED COMPLAINT**

        Defendant Nickolaos Letsios ("Letsios") by his attorneys Forchelli Deegan Terrana, and

for his answer to the Amended Complaint ("Complaint"), filed by Richard J. McCord, Esq.

("Trustee") as chapter 11 Trustee of the Debtor ("Plaintiff" or "Debtor"), states as follows:

        1.        In response to paragraph 1 of the Complaint Admits this adversary proceeding was

brought, except states the remaining allegations in this paragraph state legal conclusions to which

no answer is required; to the extent an answer is required, however the allegations are denied.

        2.        Denies the allegations contained in paragraph 2 of the Complaint.

**JURISDICTION**

3.      The allegations contained in paragraph 3 of the Complaint state legal conclusions to which no answer is required; to the extent an answer is required, however, the allegations are denied.

4.      The allegations contained in paragraph 4 of the Complaint state legal conclusions to which no answer is required; however, to the extent an answer is required, denies the allegations of this paragraph.

5.      The allegations contained in paragraph 5 of the Complaint state legal conclusions to which no answer is required; however, to the extent an answer is required, denies the allegations of this paragraph.

6.      Admits the allegations contained in paragraph 6 of the Complaint.

7.      Admits the allegations contained in paragraph 7 of the Complaint.

8.      Admits the allegations contained in paragraph 8 of the Complaint.

**PARTIES**

9.      Admits the allegations contained in paragraph 9 of the Complaint.

10.      Admits the allegations contained in paragraph 10 of the Complaint.

11.      Admits the allegations contained in paragraph 11 of the Complaint.

12.      Lacks sufficient information to admit or deny the allegations in paragraph 12 of the Complaint.

**FACTUAL BACKGROUND**

13.      Admits the allegations contained in paragraph 13 of the Complaint.

14.      Lacks sufficient information to admit or deny the allegations in paragraph 14 of the Complaint.

15.     Admits the allegations contained in paragraph 15 of the Complaint.

16.     Admits the allegations contained in paragraph 16 of the Complaint.

17.     Admits the allegations contained in paragraph 17 of the Complaint.

18.     Admits the allegations contained in paragraph 18 of the Complaint.

19.     Admits the allegations contained in paragraph 19 of the Complaint.

20.     Admits the allegations contained in paragraph 20 of the Complaint.

21.     Admits the allegations contained in paragraph 21 of the Complaint, except denies 53-21 Northern Boulevard was owned or controlled by Mr. Avdoulos.

22.     Admits the allegations contained in paragraph 21 of the Complaint, except denies the name of the referenced company, its correct and complete true name being, Mayors Auto Group, LLC.

23.     Denies the allegations contained in paragraph 23 of the Complaint, except admit the 53-21 Lease is involved in this Adversary Proceeding.

24.     Admits the allegations contained in paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, states the Agreement speaks for itself and admits that Magic Major Auto, Inc. was the existing tenant at the time of the Agreement.

26.     Admits the allegations contained in paragraph 26 of the Complaint.

27.     Admits the allegations contained in paragraph 27 of the Complaint.

28.     Admits the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     In response to paragraph 32 of the Complaint, states the Agreement speaks for itself.

33.     In response to paragraph 33 of the Complaint, states the Agreement speaks for itself.

34.     Denies the allegations contained in paragraph 34 of the Complaint, except admits Mayors Auto Group, LLC never owned the Volkswagen dealership.

35.     Denies the allegations contained in paragraph 35 of the Complaint, except admits the Debtor took occupancy of the Premises in 2016 until in or about October 2018.

36.     Denies the allegations contained in paragraph 36 of the Complaint, except admits Valley conducted business at the Premises at times when Debtor was in occupancy.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint, except admits the rent under the Lease was below market and affected the purchase price.

40.     Denies the allegations contained in paragraph 40 of the Complaint, except admits the Debtor stopped using the Premises on October 31, 2018.

41.     Lacks sufficient information to admit or deny the allegations in paragraph 41 of the Complaint, except admits the Debtor did not list an interest in the Premises in its schedules.

42.     Admits the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint, except denies information sufficient to admit or deny what, if any, documents the Trustee obtained on or about April 12, 2019, and admits the 53-21 Lease was transferred to Respect.

44.     Lacks sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint.

45.     Lacks sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Lacks sufficient information to admit or deny the allegations contained in paragraph 47 of the Complaint, except admits that Respect was the assignee of the 53-21 Lease and that the monies held by Respect were intended for Letsios.

48.     Lacks sufficient information to admit or deny the allegations contained in paragraph 48 of the Complaint.

49.     Lacks sufficient information to admit or deny the allegations contained in paragraph 49 of the Complaint and states the referenced transaction speaks for itself.

50.     Lacks sufficient information to admit or deny the allegations contained in paragraph 50 of the Complaint and states the referenced transaction and Agreement speaks for itself, except denies consideration under the Agreement was paid almost completely by the Debtor.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of what the Trustee believes or does not believe.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint to the extent those allegations imply any wrongdoing on the part of Letsios and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

56.     Lacks sufficient information to admit or deny the allegations contained in paragraph 56 of the Complaint, except denies Debtor has an interest in the 53-21 Lease.

57.     Denies the allegations contained in paragraph 57 of the Complaint, except denies any implication Debtor was entitled to consideration from the sale of the 53-21 Lease.

58.     Admits the allegation Letsios was the 51% member and managing member of the Debtor.  The remaining allegations of paragraph 58 of the Complaint state legal conclusions to which no answer is required. However, should it be determined an answer is required, the remaining allegations are denied.

59.     The allegations contained in paragraph 59 of the Complaint state legal conclusions to which no answer is required. However, should it be determined an answer is required the allegations are denied.

60.     The allegations contained in paragraph 60 of the Complaint state legal conclusions to which no answer is required. However, should it be determined an answer is required the allegations are denied.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

## FIRST CAUSE OF ACTION
**(Breach of Fiduciary Duty/Duty of Loyalty/Duty of Care against Nikolaos Letsios)**

66.     In response to paragraph 66 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

67.     The allegations contained in paragraph 67 of the Complaint state legal conclusions to which no answer is required. However, should it be determined an answer is required, the allegations are denied.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint.

78.     Denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     The allegations contained in paragraph 80 of the Complaint state legal conclusions to which no answer is required. However, should it be determined an answer is required the allegations are denied.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint.

## SECOND CAUSE OF ACTION
**(Breach of Fiduciary Duty/Duty of Loyalty/Duty of Care against Nikolaos Letsios)**

83.     In response to paragraph 83 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

84.     The allegations contained in paragraph 84 of the Complaint state legal conclusions to which no answer is required. However, should it be determined an answer is required the allegations are denied.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     Denies the allegations contained in paragraph 91 of the Complaint.

92.     The allegations contained in paragraph 92 of the Complaint state legal conclusions to which no answer is required. However, should it be determined an answer is required the allegations are denied.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

## THIRD CAUSE OF ACTION
### (Constructive Trust against Defendants)

95.     In response to paragraph 95 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

96.     The allegations contained in paragraph 96 of the Complaint are ambiguous and/or state legal conclusions to which no answer is required. However, should it be determined an answer is required the allegations are denied.

97.     The allegations contained in paragraph 97 of the Complaint state a legal conclusion to which no answer is required. However, should it be determined an answer is required the allegations are denied.

98.     Denies the allegations contained in paragraph 98 of the Complaint.

99.     The allegations contained in paragraph 99 of the Complaint state a legal conclusion to which no answer is required. However, should it be determined an answer is required the allegations are denied.

100.     The allegations contained in paragraph 100 of the Complaint are ambiguous and/or state a legal conclusion to which no answer is required. However, should it be determined an answer is required the allegations are denied.

101.     The allegations contained in paragraph 101 of the Complaint state a legal conclusion to which no answer is required. However, should it be determined an answer is required the allegations are denied.

102.     Denies the allegations contained in paragraph 102 of the Complaint.

103.     Denies Plaintiff is entitled to the order or relief requested.

## FOURTH CAUSE OF ACTION
### (Against Letsios and the Letsios Entities for One Year Transfers)
(Avoidance and Recovery of Preferential Transfers
Pursuant to 11 U.S.C. §§ 547(b), 550 and 551)

104.    In response to paragraph 104 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

105.    The allegations contained in paragraph 105 of the Complaint state a legal conclusion to which no answer is required. However, should it be determined an answer is required the allegations are denied.

106.    The allegations contained in paragraph 106 of the Complaint state a legal conclusion to which no answer is required. However, should it be determined an answer is required the allegations are denied.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    The allegations contained in paragraph 108 of the Complaint state a legal conclusion to which no answer is required. However, should it be determined an answer is required the allegations are denied.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

110.    Denies the allegations contained in paragraph 110 of the Complaint.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.     Denies the allegations contained in paragraph 117 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Against Letsios and the Letsios Entities for One Year Transfers)
(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550 and 551 Transfer of the 53-21 Lease Rights)

118.     In response to paragraph 118 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

119.     Denies the allegations contained in paragraph 119 of the Complaint.

120.     Denies the allegations contained in paragraph 120 of the Complaint.

121.     Denies the allegations contained in paragraph 121 of the Complaint.

122.     Denies the allegations contained in paragraph 122 of the Complaint.

123.     Denies the allegations contained in paragraph 123 of the Complaint.

124.     Denies the allegations contained in paragraph 124 of the Complaint.

125.     Denies the allegations contained in paragraph 125 of the Complaint.

126.     Denies the allegations contained in paragraph 126 of the Complaint.

127.     Denies the allegations contained in paragraph 127 of the Complaint.

128.     Denies the allegations contained in paragraph 128 of the Complaint.

129.     Denies the allegations contained in paragraph 129 of the Complaint.

130.     Denies the allegations contained in paragraph 130 of the Complaint.

131.     Denies the allegations contained in paragraph 131 of the Complaint.

## SIXTH CAUSE OF ACTION
**(Against Letsios and the Letsios Entities for One Year Transfers)**
(Avoidance and Recovery of Actual Fraudulent Transfers Pursuant to 11 U.S.C. §§
548(a)(1)(A), 550 and 551)

132.    In response to paragraph 132 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

133.    Denies the allegations contained in paragraph 133 of the Complaint.

134.    Denies the allegations contained in paragraph 1341 of the Complaint.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

137.    Denies the allegations contained in paragraph 137 of the Complaint.

138.    Denies the allegations contained in paragraph 138 of the Complaint.

139.    Denies the allegations contained in paragraph 139 of the Complaint.

140.    Denies the allegations contained in paragraph 140 of the Complaint.

141.    Denies the allegations contained in paragraph 141 of the Complaint.

142.    Denies the allegations contained in paragraph 142 of the Complaint.

143.    Denies the allegations contained in paragraph 143 of the Complaint.

## SEVENTH CAUSE OF ACTION
**(Against Letsios and the Letsios Entities for Two Year Transfers)**
(Avoidance and Recovery of Fraudulent Transfers
Pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550 and 551)

144.    In response to paragraph 144 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

145.    Denies the allegations contained in paragraph 145 of the Complaint.

146.    Denies the allegations contained in paragraph 146 of the Complaint.

147.    Denies the allegations contained in paragraph 147 of the Complaint.

148.    Denies the allegations contained in paragraph 148 of the Complaint.

149.    Denies the allegations contained in paragraph 149 of the Complaint.

150.    Denies the allegations contained in paragraph 150 of the Complaint.

151.    Denies the allegations contained in paragraph 151 of the Complaint.

152.    Denies the allegations contained in paragraph 153 of the Complaint.

153.    Denies the allegations contained in paragraph 154 of the Complaint.

## EIGHTH CAUSE OF ACTION
**(Against Letsios and the Letsios Entities for Three Year Transfers)**
(New York Debtor and Creditor Law §§ 276, 276-a, 278 and/or 279, and 11 U.S.C. §§ 544, 550(a) & 551)

154.    In response to paragraph 154 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

155.    Denies the allegations contained in paragraph 155 of the Complaint.

156.    Denies the allegations contained in paragraph 156 of the Complaint.

157.    Denies the allegations contained in paragraph 157 of the Complaint.

158.    Denies the allegations contained in paragraph 158 of the Complaint.

159.    Lacks sufficient information to admit or deny the allegations contained in paragraph 159 of the Complaint.

160.    Denies the allegations contained in paragraph 160 of the Complaint.

161.    Denies the allegations contained in paragraph 161 of the Complaint.

162.    Denies the allegations contained in paragraph 162 of the Complaint.

163.    Denies the allegations contained in paragraph 163 of the Complaint.

164.    Denies the allegations contained in paragraph 164 of the Complaint.

## NINTH CAUSE OF ACTION
**(Against Letsios and the Letsios Entities for Three Year Transfers)**
(New York Debtor and Creditor Law §§ 273 and 278 and/or 279, and 11
U.S.C. §§ 544, 550(a) & 551)

165.    In response to paragraph 165 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

166.    Denies the allegations contained in paragraph 166 of the Complaint.

167.    Lacks sufficient information to admit or deny the allegations contained in paragraph 167 of the Complaint.

168.    Denies the allegations contained in paragraph 168 of the Complaint.

169.    Denies the allegations contained in paragraph 169 of the Complaint.

170.    Denies the allegations contained in paragraph 170 of the Complaint.

171.    Denies the allegations contained in paragraph 171 of the Complaint.

## TENTH CAUSE OF ACTION
**(Against Letsios and the Letsios Entities for Three Year Transfers)**
(New York Debtor and Creditor Law §§ 274, 278 and/or 279, and 11 U.S.C. §§ 544,
550(a) & 551)

172.    In response to paragraph 172 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

173.    Denies the allegations contained in paragraph 173 of the Complaint.

174.    Lacks sufficient information to admit or deny the allegations contained in paragraph 174 of the Complaint.

175.    Denies the allegations contained in paragraph 175 of the Complaint.

176.    Denies the allegations contained in paragraph 176 of the Complaint.

177.    Denies the allegations contained in paragraph 178 of the Complaint.

178.    Denies the allegations contained in paragraph 178 of the Complaint.

**ELEVENTH CAUSE OF ACTION**
**(Against Letsios and the Letsios Entities for Three Year Transfers)**
(New York Debtor and Creditor Law §§ 275, 278 and/or 279, and 11 U.S.C. §§ 544,
550(a) & 551)

179.    In response to paragraph 179 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

180.    Denies the allegations contained in paragraph 180 of the Complaint.

181.    Lacks sufficient information to admit or deny the allegations contained in paragraph 181 of the Complaint.

182.    Denies the allegations contained in paragraph 182 of the Complaint.

183.    Denies the allegations contained in paragraph 183 of the Complaint.

184.    Denies the allegations contained in paragraph 184 of the Complaint.

185.    Denies the allegations contained in paragraph 185 of the Complaint.

**TWELFTH CAUSE OF ACTION**
**(Unjust Enrichment against All Defendants)**

186.    In response to paragraph 186 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

187.    Denies the allegations contained in paragraph 187 of the Complaint.

188.    Denies the allegations contained in paragraph 188 of the Complaint.

189.    Denies the allegations contained in paragraph 189 of the Complaint.

190.    Denies the allegations contained in paragraph 190 of the Complaint.

191.    Denies Plaintiff is entitled to the judgment or relief requested.

## THIRTEENTH CAUSE OF ACTION
### (Accounting)

192.    In response to paragraph 192 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

193.    Denies the allegations contained in paragraph 193 of the Complaint.

194.    Denies Plaintiff is entitled to the relief requested.

195.    The allegations contained in paragraph 195 of the Complaint state legal conclusions to which no answer is required.

## FOURTEENTH CAUSE OF ACTION
### (Equitable Subordination – 11 U.S.C. § 510(c))

196.    In response to paragraph 196 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

197.    Denies the allegations contained in paragraph 197 of the Complaint.

198.    Denies the allegations contained in paragraph 198 of the Complaint and that Plaintiff is entitled to any of the relief requested.

## FIFTEENTH CAUSE OF ACTION
### (Substantive Consolidation under 11 U.S.C. § 105(a))

199-211. Letsios is not named in the Fifteenth Cause of Action and therefore no answer is required to paragraphs 199-211 of the Complaint.  However, should it be determined answers are required, said allegations are denied.

16

## SIXTEENTH CAUSE OF ACTION
### (Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542 against All Defendants)

212.    In response to paragraph 212 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

213.    Denies the allegations contained in paragraph 213 of the Complaint.

214.    Denies the allegations contained in paragraph 214 of the Complaint, except admits that the interest in the 53-21 Lease was transferred to Respect subsequent to the filing of Debtor's Petition.

215.    Denies the allegations contained in paragraph 215 of the Complaint.

216.    Denies the allegations contained in paragraph 216 of the Complaint.

217.    Denies the allegations contained in paragraph 217 of the Complaint.

218.    Denies the allegations contained in paragraph 218 of the Complaint.

219.    Denies the allegations contained in paragraph 219 of the Complaint.

220.    Denies the allegations contained in paragraph 220 of the Complaint.

## SEVENTEENTH CAUSE OF ACTION
### (Accounting Pursuant to 11 U.S.C. § 542(e) against NBA, Letsios and Respect)

221.    In response to paragraph 221 of the Complaint, repeats and realleges each and every answer herein to the foregoing paragraphs of the Complaint, respectively, as if fully set forth herein.

222.    Denies the allegations contained in paragraph 222 of the Complaint and that Plaintiff is entitled to any of the relief requested.

In answer to the WHEREFORE clause, denies that Plaintiff is entitled to any of the relief requested against Letsios or any relief whatsoever against him.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE
(Waiver)

223.    Debtor waived any rights or interest in the 53-21 Lease.

### SECOND AFFIRMATIVE DEFENSE
(Estoppel)

224.    Debtor's claims are barred, in whole or in part, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
(Ratification)

225.    Debtor's claims are barred, in whole or in part, by the doctrine of ratification.

### FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

226.    Debtor's equitable claims or demands for relief are barred, in whole or in part, by its unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
(Statute of Frauds)

227.    Debtor's claims are barred in whole or in part by New York's Statute of Frauds.

### SIXTH AFFIRMATIVE DEFENSE
(DCL § 276 Claim Insufficiently Pled)

228.    Debtor's DCL 276 claims are insufficiently pleaded under Fed R. Civ. P. 9 (b).

### SEVENTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

229.    Debtor's equitable claims must be dismissed based upon the existence of an adequate remedy at law or by statute.

WHEREFORE, Letsios requests that the Complaint be dismissed as against him and for such other and further relief as the Court may deem proper.

Dated: June 13, 2019

**FORCHELLI DEEGAN TERRANA**
*Attorneys for Nickolaos Letsios*

By: /s/ *Gerard L. Luckman*
    Gerard L. Luckman, Esq.
    333 Earl Ovington Blvd., Suite 1010
    Uniondale, New York 11553
    (516) 812-6291