# EXHIBIT A

Richard J. McCord, Esq.
Certilman Balin Adler & Hyman, LLP
Counsel to the Chapter 7 Trustee
90 Merrick Avenue
East Meadow, New York 11554
Phone: (516) 296-7000
Fax: (516) 296-7111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

NORTHERN BOULEVARD AUTOMALL, LLC
d/b/a LONG ISLAND CITY VOLKSWAGEN,

            Debtor.

---------------------------------------------------------X

Chapter 7

Case No.: 19-41348-nhl

## STIPULATION OF SETTLEMENT

Richard J. McCord, Esq., as Chapter 7 Trustee (the "Trustee") of the Estate of Northern Boulevard Automall LLC d/b/a Long Island City Volkswagen (the "Debtor), by and through his counsel, Certilman Balin Adler & Hyman, LLP, and John Moutopoulos ("Moutopoulos"), by and through his counsel, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP (the Trustee Moutopoulos, each a "Party" and collectively, the "Parties") hereby enter into this Stipulation of Settlement ("Stipulation").

**WHEREAS,** on March 7, 2019 ("Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS,** on April 9, 2019, the Order Authorizing Appointment of the Chapter 11 Trustee was entered, and on April 11, 2019, the Trustee was appointed as the Chapter 11 Trustee and the Order Approving the appointment was entered; and

**WHEREAS,** on November 7, 2019, the Motion of the Chapter 11 Trustee for an Order Converting the Debtor's Chapter 11 Case to a Case Under Chapter 7 and Granting Related Relief

1

was filed. On February 3, 2020, the Order Converting Chapter 11 Case to One Under Chapter 7 was entered and the Chapter 11 Trustee was appointed as the Chapter 7 Trustee; and

**WHEREAS,** the Trustee has asserted that, prior to the Filing Date, between December 10, 2018 and March 5, 2019, transfers were made of Debtor funds to Moutopoulos totaling no less than $321,076.85 (the "Transfers"); and

**WHEREAS**, on May 30, 2019, Moutopoulos timely filed a proof of claim asserting various claims against the Debtor, which proof of claim was assigned claim number 37 by the Clerk of the Court (the "Moutopoulos Claims");

**WHEREAS**, prior to commencing an action to recover the Transfers, the Trustee and Moutopoulos entered into a series of Tolling Agreements extending the Trustee's time to commence certain actions against Moutopoulos, including, but not limited to, the Transfers, with the Tolling Agreement currently extending that time through and including November 4, 2021; and

**WHEREAS**, after good faith, arm's length negotiations, and a review of documents provided by Moutopoulos to the Trustee, and without the admission of any liability or validity of any claims asserted by the Trustee against Moutopoulos and, further, without collusion, Moutopoulos has made an offer to the Trustee to resolve the Trustee's claims for the return of the Transfers in the amount of $92,002.11, plus a waiver of claims against the Debtor, which offer the Trustee has accepted, subject to Bankruptcy Court approval; and

**NOW, THEREFORE,** for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties expressly stipulate and agree as follows:

1.  Moutopoulos shall pay to the Trustee the sum of $92,002.11 ("Settlement Sum") in full and final settlement of the Trustee's claims for the return of the Transfers, to be paid in six (6) monthly installments, with the first payment due within three (3) business days of

the Court's entry of an order approving this Stipulation, with the first five (5) monthly installments equaling $15,333.68 per month, and with the final installment payment being $15,333.71.

2.    In the event Moutopoulos fails to pay any portion of the Settlement Sum when due or any payment is returned for insufficient funds (each a "Default"), the Trustee shall provide written notice of the Default in the manner provided in paragraph 14 herein. Upon receipt of said notice of Default, Moutopoulos shall have five (5) business days to cure said default, and absent any cure, the Trustee shall have the right to seek to obtain a judgment against Moutopoulos for the full amount of the relief sought in the Complaint, less any amounts paid prior to such default, upon an affidavit of the Trustee attesting to such Default.

3.    Each party acknowledges that he, she or it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of his, her or its own choosing or voluntarily waived such right and enters into these terms voluntarily and without duress.

4.    By entering into this Stipulation, Moutopoulos does not admit and is not admitting to any liability or validity of any claims asserted by the Trustee against Moutopoulos for the Transfers or any other claims.

5.    The enforcement of the terms and conditions of the Stipulation are subject to the approval of the Bankruptcy Court. In the event the Bankruptcy Court fails to approve this Stipulation, any portion of the Settlement Sum previously delivered to the Trustee shall promptly be returned to Moutopoulos, and the terms and provisions contained herein shall be null and void and of no further force and effect and shall not be deemed an admission of all parties and all claims and defenses shall be preserved.

6.    This Stipulation is binding upon and shall inure to the benefit of the Parties hereto and their respective successors and/or assigns.

7561303.1

7. If any provision of this Stipulation is held to be illegal, invalid or unenforceable under present or future state or federal laws or rules and regulations promulgated thereunder, such provision shall be fully severable, and this Stipulation shall be construed and enforced as if such illegal, invalid and unenforceable provision had never compromised a part hereof, and the remaining provisions of this Stipulation shall remain in full force and effect and shall not be affected by any illegal, invalid or unenforceable provision or by its severance from this Stipulation. Furthermore, in lieu of such illegal, invalid, or unenforceable provision, there shall be automatically included as part of this Stipulation a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable.

8. Upon payment and clearance of the full amount of the Settlement Sum, the Trustee, on behalf of himself and the Debtor's estate, shall be deemed to have released Moutopoulos, his heirs, executors, assigns, and representatives, and each of them, separately and collectively, from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, rights, liabilities, suits, sums of money, and demands whatsoever, in law or in equity, which the Trustee or the Debtor ever had, now have, or may have against Moutopoulos upon or for reason of any manner, cause or thing of any nature whatsoever arising out of, concerning, or relating to or arising out of the Debtor's case, including but not limited to all claims or causes of action under Sections 551, 542, 544, 547, 548, 549 and 550 of the Bankruptcy Code, New York Debtor & Creditor Law sections 271, *et seq.*, and New York Common Law; provided however, that the foregoing release shall not include any claims for breach of fiduciary duty, gross negligence, or willful misconduct as determined by a final order.

9. Upon the Court's entry of an order approving this Stipulation, Moutopoulos shall be deemed to have withdrawn the Moutopoulos Claim and to have released the Debtor's estate, the Trustee and his representatives, separately and collectively (collectively, the "Moutopoulos Released Parties"), from any and all claims; with Moutopoulos reserving any and all rights and other claims against any and all parties other than the Moutopoulos Released Parties. Further, nothing herein shall be deemed a release of any defenses Moutopoulos may have to any claims filed by any interested party in the Debtor's case, including but not limited to any different or additional claims filed by the Trustee.

10. The Parties agree to cooperate with each other to implement the terms of this Stipulation, including without limitation, executing such other and further documents and instruments as either party may reasonably require with respect to this Stipulation, and Moutopoulos agrees to reasonable cooperation with the Trustee on any and all rights, claims and/or defenses, and the enforcement thereof, the Debtor's estate may have against any other parties.

11. Nothing herein shall be deemed to be a release of any rights, claims, or remedies by Moutopoulos against any third parties in connection with the Transfers, including but not limited to any direct claims or claims for indemnity or contribution, all of which rights, claims, and remedies are specifically preserved.

12. It is understood and agreed that this Stipulation shall be governed by, construed and enforced in accordance with, and subject to the laws of the State of New York, without regard to any conflict of laws principles except to the extent that the Bankruptcy laws apply and in such case title 11 of the United States Code shall apply. Venue for and jurisdiction over any claim or dispute pertaining to this Stipulation shall be in the Bankruptcy Court for the Eastern District of New York.

13. This Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Stipulation as a whole is purportedly prepared or requested by such Party.

14. Any notices, requests, demands and other communications required or permitted to be given hereunder shall be made in writing and shall be deemed to have been duly given (a) on the date of delivery if delivered personally, (b) on the first (1st) business day following the date of dispatch if delivered utilizing a next-day service by a recognized next-day courier, (c) on the earlier of confirmed receipt or the fifth (5th) business day following the date of mailing if delivered by registered or certified mail, return receipt requested, postage prepaid or (d) if sent by electronic mail, upon acknowledgment of receipt. All notices hereunder shall be delivered to the addresses set forth below, or pursuant to such other instructions as may be designated in writing by the Party to receive such notice:

> If to the Trustee:
> Richard McCord, Esq.
> Certilman Balin Adler & Hyman, LLP
> 90 Merrick Avenue, 9th Floor
> East Meadow, New York 11554
> rmccord@certilmanbalin.com
>
> with a copy (which shall not constitute notice) to:
> Robert D. Nosek, Esq.
> Certilman Balin Adler & Hyman, LLP
> 90 Merrick Avenue, 9th Floor
> East Meadow, New York 11554
> rnosek@certilmanbalin.com
>
> If to Moutopoulos:
> John Moutopoulos
> 4 Hemlock Court
> Oyster Bay, New York 11771
> vwrep@optonline.net

7561303.1

With a copy (which shall not constitute notice) to:
Thomas A. Draghi, Esq.
Westerman Ball Ederer Miller Zucker & Sharfstein LLP
1201 RXR Plaza
Uniondale, New York 11556
tdraghi@westermanllp.com

15.   This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall be deemed to be one and the same instrument.

Dated: East Meadow, New York
       October 29, 2021

            **CERTILMAN BALIN ADLER & HYMAN, LLP**
            Counsel to the Chapter 7 Trustee

            By:   /s/Richard J. McCord
                  **RICHARD J. MCCORD, ESQ.**
                  90 Merrick Avenue
                  East Meadow, New York 11554
                  Phone: (516) 296-7000

Dated: Uniondale, New York
       October 27, 2021

            **WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**
            Attorneys for John Moutopoulos

            By:   /s/Thomas A. Draghi
                  **THOMAS A. DRAGHI, ESQ.**
                  1201 RXR Plaza
                  Uniondale, New York 11556
                  Phone: (516) 622-9200

Dated: Nassau County, New York
       October 27, 2021

            /s/John Moutopoulos
            John Moutopoulos